## ABIJAH H. PIERCE *et al. versus* SAMUEL H. MANN.

The defendant put his name on the back of a negotiable note, to enable the payee to
get the note discounted, and subsequently the payee negotiated the note, at the same
time indorsing his own name above the defendant's name. It was *held,* that the
defendant was to be regarded as an indorser, and that he was not liable as a prom-
isor or a guarantor.

ASSUMPSIT on the common money counts, and on a special
count against the defendant as a promisor, on a note as fol-
lows. "East Sudbury, June 27, 1832. For value received
of Horace Heard I promise to pay him or his order $446·65
in ninety days from date. Peter Rice." On the back of the
note were the names of Horace Heard and Samuel H. Mann,
the name of Mann being below that of Heard. The plaintiff
called Heard as a witness ; who testified, that before and at
the date of the note he held a note against Rice and Mann,
made by them as joint and several promisors ; that there was
due thereon the sum for which the note declared on was given ;
that he called on Rice for payment, and Rice, at Wayland,
wrote and signed the note now in suit and delivered it to the
witness ; that the old note was then given up to Rice ; that
Mann, on the next day, at Boston, put his name on the back
of the new note, and it was in this state delivered to the wit-
ness for the purpose of procuring the money on it at the
Brighton Bank ; that the witness offered the new note at the
bank, but the bank declined discounting it , that the witness be
ing indebted to the plaintiffs, offered this note to them in pay
ment, and they agreed to take it if the witness would indorse it ,
that he accordingly put his name upon it ; that nothing was then
said about the place where his name should be written on the
back of the note, and he did not know that it made any differ-
ence where he should put his name.

On this evidence a nonsuit was ordered ; and if the Court
should be of opinion, that the defendant was not liable either
as original promisor or as guarantor of the note, the nonsuit
was to be confirmed ; otherwise a new trial was to be granted.

*Hoar* and *Mellen,* for the plaintiff, cited *Gay* v. *Sumner,*
4 Pick. 311 ; Bayley on Bills, (Phillips and Sewall's 2d
edit.) 45 to 49

*Farley, contrà.* The name of the defendant stands on the note as if he were second indorser, and parol evidence is inadmissible to show that he was promisor or guarantor. *Stackpole* v. *Arnold,* 11 Mass. R. 27 ; *Hunt* v. *Adams,* 7 Mass. R. 518. Had he been sued as indorser, it would have appeared, that notice had not been given to him of non-payment by the maker. One who puts his name in blank on the back of a note, is taken to be an original promisor or a guarantor, only where he signs his name at the time of the making of the note, and where the note is not negotiable. *Hunt* v. *Adams,* 5 Mass. R. 358 ; *Josselyn* v. *Ames,* 3 Mass. R. 274 ; *Ulen* v. *Kittredge,* 7 Mass. R. 233 ; *Sumner* v. *Gay,* 4 Pick. 311 ; *Tenney* v. *Prince,* 4 Pick. 385, and 7 Pick. 243 ; *Moies* v *Bird,* 11 Mass. R. 436 ; *Oxford Bank* v. *Haynes,* 8 Pick. 423.

*Per Curiam.* It is not necessary to consider the question whether the parol evidence introduced by the plaintiff was admissible, for the facts testified do not show, (and perhaps have no tendency to show,) that the defendant was an original promisor or a guarantor. There was no request to him to sign as one or the other, but he put his name on the back of the note to enable the payee to get it discounted at the bank. It is not unusual in business, for a third person to indorse a note before it is indorsed by the payee ; who is to put his name upon it at the time when it is discounted. Here the plaintiffs agreed to take the note if Heard would put his name upon it ; which he did, above the name of the defendant ; and the plaintiffs must be understood to have taken it as a common indorsed note. The facts do not imply an authority to write a guarantee over the defendant's name.